**No. 45625.**—Petition 6041–R of Carey & Skinner, Inc. (Buffalo).

DALLINGER, Judge: This petition was filed under section 489, Tariff Act of 1930, for remission of additional duties imposed by the collector of customs at Niagara Falls, a subport of the port of Buffalo, upon certain curved and straight baffles, clips, and damper sets which were entered at less than the final appraised value.

At the hearing held at Buffalo on November 22, 1940, petitioner offered in evidence the testimony of two witnesses. The first, William C. Carey, the president of the petitioning corporation, testified that he was employed by H. W. Cowan of Toronto, Canada, to prepare the entry in the case at bar; that having received the invoice before actually filing the entry the witness communicated with the said Cowan in order to obtain further details as to how the cost of production of the imported merchandise was arrived at; that the witness was informed that the Canadian sales tax had been included and also 10 percent for general expenses and 8 percent for profit; that at the time he filed the entry he was thoroughly convinced that the entered value was correct; that he also conferred with Mr. Wolf, one of the United States appraisers; that the witness simply acted as the broker representing Mr. Cowan, the Canadian shipper, and had no financial interest in the transaction; that he had been engaged in the customs brokerage business continuously for the past 30 years; that he contested the advance in value by an appeal to reappraisement; that after an adverse decision by a single judge the witness attempted to appeal to a full division of the court, but for some reason unknown to the witness the said appeal was not filed; that the witness tried to obtain the presence of H. W. Cowan at the instant hearing, but was informed that said Cowan was on a secret Government mission; that he had hoped to have Mr. Cowan testify as he had at the time of the reappraisement appeal as to the reasons why he believed the invoice value represented the cost of production of the instant merchandise.

At the close of the witness' direct testimony counsel for the petitioner moved to incorporate the record in the reappraisement appeal, but on objection being made by counsel for the Government the motion was denied by the trial judge.

On cross-examination the witness testified that in the course of his experience he had had only a very few cases where the cost of production formed the basis of value; that in making the present entry he relied upon the facts set forth in the invoice, plus information received from the shipper; and that he knew of no other costs that should be included in said value except those obtained from those two sources.

The second witness, Leslie A. Dane, United States examiner of merchandise and acting appraiser at the said subport of Niagara Falls for the past 6 years, testified in part as follows:

Q. Do you recall this importation in question?—A. I do.

Q. How long prior to the time that you became acting appraiser had you also been in the Government Service * * *?—A. Approximately 10 years.

Q. During the past 10 years or more, have you had almost continuous official business dealings with Mr. Carey, the preceding witness, and other members of his firm?—A. Particularly the last 6 years.

Do you or do you not consider him to be a square dealer so far as the Government is concerned?

Mr. DONNELLY. I object. Whether the appraiser considers him to be that or not is irrelevant in this case.

Mr. TOMPKINS. I am referring to the case of Syndicate Trading Co. v. United States, 13 Court of Customs Appeals 409, wherein this very question was raised, and the Appellate Court said, who better than the examiner or appraiser, coming in official contact with the petitioners, could know better as to their good faith, and their opinion or expert testimony was permitted and approved.

Judge DALLINGER. Objection overruled.

Mr. DONNELLY. Exception.

The WITNESS. Did you ask if I found him a square dealer?

By Mr. TOMPKINS.

Q. Yes.—A. Yes, I did.

Q. Uniformly?—A. Yes, sir.

Q. In the matter of this particular entry the subject of this petition 6041–R, is it your opinion that at the time of entry there was or was not any intent upon the part of the petitioner to defraud the revenue of the United States?—A. I believe there was no such intent.

Q. And do you think there was any intention on the part of the petitioner to conceal or to misrepresent the facts of the case?—A. No, sir.

Q. In any way?—A. No.

Q. Or to deceive you as to the value of the merchandise?—A. No, sir.

On cross-examination the witness testified in part as follows:

By Mr. DONNELLY.

X. Q. Have you found the petitioner to be a careful business man in connection with the conduct of his business in making entry of the merchandise?—A. I would say that he is.

Upon this record we are satisfied as to the entire good faith of the petitioner, and that the entry of the merchandise at a less value than that returned on final appraisement was without any intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise.

The petition is therefore granted.